UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-20743-CIV-MORENO

SARAH NONI-BANDELE DUNCAN,

    Plaintiff,

vs.

MIAMI GARDENS POLICE DEPT., *ET AL.*,

    Defendants.
_____/

## ORDER DISMISSING CASE AND DENYING ALL PENDING MOTIONS AS MOOT

THIS CAUSE came before the Court upon a *sua sponte* examination of the record.

In her *in forma pauperis* "affidavit," the Plaintiff alleges that she was forcefully evicted from her residence by her property manager and several members of the Miami Gardens Police Department. D.E. No. 1 at 1, 3-4. In a separate, attached document, the plaintiff claims that her treatment amounted to "a blatant civil rights violation and illegal eviction under the color of Florida State and Federal Law." *Id.* at 4. The plaintiff asserts that she is "bringing a complaint and lawsuit for unlawful eviction[,]" "fraudulent evection (sic) harassment, and threat of arrest and direct violation of [her] Moorish status." *Id.* The plaintiff further claims to "bring a cause of action under title 42 subsection 1981, 1983-1985, and 1986 of the U.S.C[.]" *Id.* She seeks "restution (sic) of $100 million dollars for Pain and Suffering." *Id.* at 1.

Under 28 U.S.C. § 1915(e)(2)(B)(i), a court "shall dismiss the [*in forma pauperis* action] at any time if the court determines that . . . the action . . . is frivolous or malicious." According to the United States Supreme Court, a complaint is frivolous "where it lacks an arguable basis in law or

in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing dismissals under former section 1915(d), which contained the same language as current section 1915(e)(2)(B)(i)). A court may dismiss claims under section 1915(e)(2)(B)(i) where the claims rest on an indisputably meritless legal theory or are comprised of factual contentions that are clearly baseless. *Id.* at 327.

In *Neitzke*, the Supreme Court provided several examples of frivolous or malicious claims. Where the defendant is clearly immune from suit, or where the plaintiff alleges infringement of a legal interest which obviously does not exist, then the claim is founded on an indisputably meritless legal theory. *Id.* at 327. Claims detailing fantastic or delusional scenarios fit into the factually baseless category. *Id.* at 327-28. Finally, this Court also notes that a *pro se* plaintiff must be given greater leeway in pleading her complaint. *Haines v. Kerner*, 404 U.S. 519 (1972).

Mindful of these principles, the Court has evaluated the plaintiff's *in forma pauperis* filing, whose only discernible cause of action is for "illegal eviction," which does not trigger this Court's subject matter jurisdiction. Plaintiff's complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) because it does not contain "an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 327. After reviewing the entire complaint, the Court concludes that the claims are indisputably meritless.

In addition, it appears the plaintiff's filing violates the one-claim-per-count rule. Fed.R.Civ.P. 10(b). In *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366-7 (11th Cir. 1996), the court, concerned about the ramifications of cases proceeding on the basis of "shotgun" pleadings, noted:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

*See also Magluta v. Samples*, 256 F.3d 1282 (11th Cir. 2001); *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996); *L.S.T., Inc. v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995). This problem is especially prevalent in actions where myriad factual allegations and legal theories are often consolidated into a single count, or into one set of "general allegations" which, in turn, is incorporated by reference wholesale into every count of the complaint. Here, the plaintiff has cited several Florida and Federal statutes, without identifying which of her claims give rise to any violation thereof. Such "shotgun" pleading imperils fundamental principles of due process.

The Eleventh Circuit has expressed increased frustration with district courts that let the case proceed despite such shotgun pleadings. *See Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001). The *Byrne* court sought to avoid having district courts undergo the time-consuming process of "rearranging the pleadings and discerning whether the plaintiff has stated a claim, or claims, for relief, and whether the defendant's affirmative defenses are legally sufficient." *Id.* at 1129. The *Byrne* panel also counseled, "Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard." *Id.* at 1131.

Accordingly, it is

**ADJUDGED** that this case is DISMISSED without prejudice, with leave to refile a complaint that complies with pleading rules contained in the Federal Rules of Civil Procedure. All pending motions are DENIED AS MOOT. This case is CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this 26 day of June, 2013.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

Sarah Noni-Bandele Duncan
14905 NW 22nd Ct
Opa Locka, FL 33054
305-316-5978
PRO SE